## ERNEST DREHER v. HENRY J. YATES ET AL.

1. A plea in trespass, justifying the removal of a flag-staff from a public street by city officers, under a city ordinance, need not show how such flag-staff obstructs such street, it being sufficient to allege that it was placed in such street and obstructed it.

2. If the city ordinance authorized the removal of street obstructions, in case the same were not removed by the owner within "two hours" after noticed; a plea justifying a removal of the same by the city officers, which alleged that such removal took place "after due notice in writing to the said plaintiff to remove the same, and after the time limited in said notice," is sufficient, when objected to by general demurrer.

---

This suit was instituted in the Essex Circuit Court. In form, the action is trespass.

The declaration avers that the defendants, Henry J. Yates and William W. Morris, on a certain day therein mentioned, and on divers other days, &c., at Newark, in Essex county, with force and arms, &c., felled, cut down, prostrated and destroyed a flag-staff of the plaintiff, then being upon certain

land and premises of the plaintiff there situate, and took and carried away the same, and converted and disposed thereof to their own use, to the damage of the plaintiff, &c., &c.

The pleas are two. First, the general issue. Second, the following special plea: "The defendants, by leave, &c., (*actio non*), because they say that, before and at the time of the committing of the said supposed trespasses, the defendants were public officers of the city of Newark, and, executing their office, the said defendant, Henry J. Yates, being the duly elected mayor, and the said defendant, William W. Morris, being the duly appointed street commissioner of said city of Newark, and thereupon it became and was then and there the duty of the said defendants, as such public officers as aforesaid, to enforce and execute the existing ordinances of said-city, passed in pursuance of the charter of said city and its supplements, relating to their said offices, under and by virtue of which said ordinances so passed as aforesaid, and in full force and operation at the time when, &c., it was ordained that no person should encumber or obstruct any street, highway, public lane or alley, public wharf, dock or slip, or other public place in the city of Newark, by placing therein or thereon any building materials, or any article or thing whatsoever, without having first obtained the written permission of the street commissioner of said city; and, further, that the mayor and street commissioner of said city might order any article or thing whatsoever so encumbering any street, highway, public lane, alley, public wharf, dock, slip, or other public place in said city, and placed therein or thereon, without such permission as aforesaid to be removed, and if any article or other thing were not removed within two hours after notice to the owner thereof, the said mayor and street commissioner might cause the same to be removed to some suitable place, to be by them designated. And these defendants further say that the said flag-staff. of the said plaintiff in the said declaration mentioned, at the time when, &c., was an (unlawful) obstruction in a public street of said city of Newark, commonly called Broad street. and was

(wrongfully) placed therein, without permission of the street commissioner of said city, and without authority of law, and contrary to the ordinances of said city then in force; and the said defendants, under the authority of the said ordinances, and in the discharge of their public duty in that respect, and after due notice in writing to the said plaintiff to remove the same, and after the time limited in said notice for the removal of the same, at the said time when, &c., cut down and removed the said flag-staff then remaining an unlawful obstruction in said public street, and carried away the same to a small and convenient distance, and there left the same for the use of the plaintiff, doing no unnecessary damage thereto on the occasion aforesaid, and as they might lawfully do for the cause aforesaid, which are the same supposed trespasses in the introductory part of this plea mentioned, whereof the said plaintiff hath above complained against them, the said defendants," &c.

To the second plea plaintiff demurred. The judgment of the Circuit Court was that the plea demurred to was good, and barred plaintiff's action.

Upon this judgment, plaintiff brings his writ of error to this court.

Argued at June Term, 1881, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER, KNAPP and REED.

For the plaintiff in error, *John A. Cobb.*

For the defendants, *Henry Young.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   There were three exceptions taken to the plea which has been demurred to, the first of these being, that the defendant has not shown that the flagstaff in question was an obstruction to the public street, and that it was only in such event that the ordinance of the city gave the defendants authority to remove it.

But this objection does not comport with the plain statements of the plea, in which it is alleged both that the flag-staff was placed in the street, and that it obstructed it. The counsel for the defence appeared to think that the mode of placing and the mode of obstruction should have been specified. It would be difficult for the pleader to do this, and it is quite unnecessary. A flag-staff placed in a public street is, *per se*, a nuisance; and the reason of this is that, in the nature of things, it is an obstruction to those who have the right to the use of the street over its entire area. The fact of the existence of such a structure so located, justifies the allegation that it was an unlawful obstruction. The allegations and structure of this plea, in this respect, are in conformity to the settled forms. 2 *Chit. Pl.* 98.

In the next place, it is said that the city ordinance by force of which the defendants seek to justify the doing of the act which forms the subject of complaint, does not extend to such an obstruction as the present one. The section of the city law giving rise to this deduction, declares that " no person shall encumber or obstruct any street, highway, public lane or alley, public wharf, dock or slip, or other public place in the city of Newark, by placing therein or thereon any building materials, or any article or thing whatsoever, without having first obtained the written permission of the street commissioner, under a penalty of ten dollars," &c.

From this language it is argued that the things which are forbidden to be placed in these public streets are things that are movable, inasmuch as the things referred to are such as the street commissioner has authority to permit to be placed in the streets, and, consequently, permanent obstructions are not within the scope of the prohibition. I see no force in this argument. The permission that can be given by this officer is, in its nature, revocable, and can have but a temporary operation ; so that he cannot, by his sanction, perpetuate an obstruction of these highways. Besides, it would be entirely irrational to say that, if a man can succeed in planting his wrongful structure in the soil of the street, he

has effectually removed himself beyond the reach of the penal provisions of this law. Nor is the further argument less unsound, to the effect that the general terms in this ordinance, which prohibit the placing in a street " any article or thing whatsoever," do not embrace the flag-staff in question, inasmuch as such phrase must, according to the legal rules of construction, be limited by the particular description of things prohibited preceding it. The enumeration of " building materials," it was insisted, restricted the generality of the succeeding description contained in the expression, " any article or thing whatsoever," so that the latter phrase means, in the language of the brief, " any article or thing of the cumbrous character of building materials." But why a flag-staff, in point of cumberousness, did not have the necessary correspondence to building materials, was not explained. The legal rule which was sought to be applied on this point, was the maxim of construction, that general terms following a specification of things of a particular class, must be understood to refer to things of the same class, or at least of the same general character ; but it will be observed that the application of this rule to this case brings this erection made by the defendant within the scope of the prohibiting clause in question, as the flag-staff is plainly of the same general character of some of the materials used in buildings.

But it is not necessary to dilate further on this branch of the case, for it was under the next section of this ordinance that the defendants acted in the removal of the obstruction in question, and that section authorizes these officers, in general terms, and without any previous specification, to remove " any article or thing whatsoever, which may encumber any street," &c. The object here in view was reasonable—the language is plain.

Again, it is objected that the plea does not show with the requisite certainty that the notice to remove the obstruction in question which is called for by the city ordinance, was given to the defendant. The authority of this law is conferred upon these officers to remove these nuisances, " if such

article or thing shall not be removed within two hours after notice to the owner thereof." The plea, in this respect, does not explicitly state, as it undoubtedly should do in strictness, that such a two hours' notice was served, but in lieu thereof it avers that the defendants proceeded to remove the obstruction, "after due notice in writing to the said plaintiff, to remove the same, and after the time limited in said notice for the removal of the same." It will be noted that the allegation is that due notice was given, and that due notice must mean, *ex necessitati rei,* a two hours' notice. A traverse, therefore, of the allegation of due notice would, in substance and by indirection, raise the issue whether the notice required by the law had been given. When such an issue can be raised on an allegation of this kind, I understand that it is the rule that, although such allegation is faulty in point of correct pleading, such irregularity cannot be excepted to by way of a general demurrer. Mr. Chitty correctly says that the recent decisions hold that an objection of this character must be taken by a special demurrer. 1 *Chit. Pl.* 364. Nor do the cases cited, which have been decided by this court, conflict with this doctrine. In *Wheeler* v. *Essex Road Board,* 11 *Vroom* 138, the motion was to strike out pleas; and in *Morgan* v. *Town of Guttenberg,* 11 *Vroom* 394, the allegation with respect to the giving of notice was such that no sensible issue could, by possibility, have been raised upon it.

The judgment should be affirmed.